# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **MAURICE A. BRADFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 3:17-cv-01437 |
| ) | CHIEF JUDGE CRENSHAW |
| **SHERIFF FOLEY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Maurice A. Bradford is a convicted felon currently being confined at the Montgomery County Jail in Clarksville, Tennessee. He has filed *pro se* a Complaint (Doc. No. 1) under 42 U.S.C. § 1983 and an Application (Doc. No. 2) to proceed in forma pauperis.

It appears from the Application that the Plaintiff lacks sufficient financial resources from which to pay the fee required to file the Complaint. Accordingly, Plaintiff's Application is **GRANTED**. The Clerk will file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

1

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Plaintiff brings this action against Sheriff Foley of Montgomery County; Tony Parker, Commissioner of the Tennessee Department of Correction; and Ms. Whitehead, Liaison for the Tennessee Department of Correction at the Montgomery County Jail; seeking damages.

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

On October 15, 2017, the Plaintiff filed a grievance complaining about the lack of educational and rehabilitative programs at the Montgomery County Jail. (Doc. No. 1 at 5.) Ms. Whitehead told the Plaintiff that she and Sheriff Foley had been discussing the issue. (Id.) There are currently sixty one (61) state prisoners being housed at the Montgomery County Jail where they do not have the an opportunity to participate in vocational, educational and rehabilitative programs that will make them better people as well as earn them sentence reduction credits. (Id at 5-6.) "The lack of educational and re-hab programs in a TDOC facility, housing state inmates for entire sentences, and being housed with county and pre-trial detainees, violates the 8th and 14th Amendments." (Id at 5.

State prisoners do not have a constitutionally protected liberty interest in prison vocational, rehabilitation, or educational programs based on the Fourteenth Amendment. See, e.g., Moody v.

Daggett, 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where the prisoner suffers a "grievous loss".); Argue v. Hofmeyer, 80 Fed. Appx. 427, 429 (6th Cir. 2003) ("prisoners have no constitutional right to rehabilitation, education or jobs."). Thus, Plaintiff's claim for the alleged denial of vocational, educational or other rehabilitative services fails to state a claim under the Eighth and Fourth Amendments. Lyle v. Tennessee Department of Correction, 2016 WL 3460256 at 3 (M.D. Tenn. June 24, 2016).[1]

In the absence of a constitutional violation, the Plaintiff has failed to state a claim upon which § 1983 relief can be granted. Accordingly, this action is hereby **DISMISSED**. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the Plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997), *abrogated on other grounds,* LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir.

---

[1] "State prisons are intended to have rehabilitation as a prime purpose and the facilities at these institutions are built and equipped to serve this purpose ..... County jails, on the other hand, serve primarily as detention centers." McGinnis v. Royster, 410 U.S. 263, 270-71 (1973). Hence, the difference in services and programs being offered to state inmates at state and county penal facilities.

2013).[2]

The Clerk is directed to send a copy of this Order to the Sheriff of Montgomery County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

IT IS SO ORDERED.

---------------------------------------
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In a departure from former practice, an individual or prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal. McGore, at 610.